DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| UNITED STATES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Criminal No. 10-39 |
|  | ) |  |
| AUNDEL BENOIT, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |
|  | ) |  |

**ATTORNEYS:**

**Darren John-Baptiste, Esq.**
St. Thomas, U.S.V.I.
   *For Aundel Benoit.*

**Gabriel J. Villegas, Esq.**
Federal Public Defender
St. Thomas, U.S.V.I.
   *For Aundel Benoit.*

**Gretchen Shappert, Esq.**
**Delia L. Smith, Esq.**
U.S. Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States.*

## ORDER

**GÓMEZ, J.**

Before the Court is the September 24, 2018, Report and Recommendation of the Magistrate Judge. The Magistrate recommends that the Court deny in part and grant in part Aundel Benoit's motion to amend his original 28 U.S.C. § 2255 motion; deny Aundel Benoit's motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255; and grant the Government's motion to dismiss.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 13, 2010, the U.S. Coast Guard seized 250.9 kilograms of cocaine from a sailing vessel on which Aundel Benoit ("Benoit") was found. On that same day, the U.S. Coast Guard arrested Benoit. On August 5, 2010, a federal grand jury in the U.S. Virgin Islands charged Benoit with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on a vessel subject to U.S. jurisdiction; aiding and abetting possession with intent to distribute five kilograms or more of cocaine while on a vessel subject to U.S. jurisdiction; and importation of cocaine.

A jury found Benoit guilty of the first two counts. On August 29, 2012, the Court entered judgment against Benoit. Benoit appealed the conviction. On review, the Third Circuit affirmed Benoit's conviction. On October 6, 2014, the United States Supreme Court denied Benoit's petition for a writ of certiorari.

On April 21, 2015, Benoit filed a *pro se* 28 U.S.C. § 2255 motion ("§ 2255 motion"). On May 31, 2016, Benoit filed a motion to amend his § 2255 motion. The Magistrate Judge denied Benoit's motion to amend his § 2255 motion without prejudice. Thereafter,

Benoit filed a second motion to amend his § 2255 motion. The Government filed an opposition to Benoit's motion to amend his § 2255 motion on January 23, 2017. Thereafter, on July 5, 2018, the Magistrate Judge ordered the Government to supplement the Government's opposition to Benoit's motion to amend. The Government did so. Benoit has since filed a reply to the Government's opposition.

On July 6, 2018, the Court referred Benoit's motion to amend his § 2255 motion, Benoit's original § 2255 motion, and the Government's motion to dismiss Benoit's § 2255 motion to the Magistrate Judge.

## II.  DISCUSSION

### A.  Benoit's Motion to Amend

Benoit moves to amend his § 2255 petition to add an additional ground for relief. Benoit asserts that his trial counsel was ineffective for failing to file a motion to dismiss the indictment based on the "common law rule of consistency." ECF No. 222 at 4.

According to Benoit, the rule of consistency "provides that where all alleged [conspirators] save one are acquitted, the conviction of the remaining defendant must be vacated." ECF No. 222 at 4. The Magistrate noted that the rule of consistency is no longer good law. *United States v. Tyson*, 653 F.3d 192, 208

(3d Cir. 2011) (holding that consistency no longer applies to multi-defendant conspiracy trials). Thus, the Magistrate Judge found that Benoit's motion to amend is futile to the extent that it seeks to add an additional ground based on the rule of consistency.

Benoit also seeks to amend his § 2255 petition in order to supplement two of his ineffective assistance of counsel arguments in his original § 2255 motion. The Magistrate Judge found that the amendment was proper under the relation back rule because both of Benoit's motions are based on a common core of operative facts. Thus, the Magistrate Judge Recommended that Benoit's motion to amend be granted with respect to those two arguments.

**B.  Benoit's § 2255 Motion**

In his § 2255 motion, Benoit alleges that his counsel was ineffective. Benoit asserts that his counsel failed to establish that Benoit's vessel was not in international water when it was stopped by the U.S. Coast Guard. Benoit also asserts his counsel was ineffective because his counsel failed to prove Benoit's innocence.

The Magistrate Judge found that Benoit's § 2255 motion lacks merit. Further, Benoit failed to raise the issue of the location of his vessel on appeal. Thus, Benoit is procedurally

defaulted and cannot raise this claim through a collateral attack here. Benoit also fails to adduce any evidence to support his claim of innocence.

Upon de novo review of the record, the Court agrees with the Magistrate's Report and Recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED**; it is further

**ORDERED** that Benoit's motion to amend his § 2255 motion, insofar as it seeks to supplement existing arguments, is **GRANTED;** it is further

**ORDERED** that Benoit's motion to amend his § 2255 motion, insofar as it seeks to add additional claims, is **DENIED;** it is further

**ORDERED** that the Government's motion to dismiss Benoit's § 2255 motion docketed at ECF No. 217 is **GRANTED;** it is further

**ORDERED** that Benoit's § 2255 motion docketed at ECF No. 207 is **DISMISSED**; it is further

**ORDERED** that a certificate of appealability be **DENIED**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** Civil Case No. 3:15-36, the civil case associated with the § 2255 petition.

S_____
**Curtis V. Gómez**
**District Judge**